IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-1368-D |
| | § | |
| FAMILY DOLLAR STORES | § | |
| OF TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Family Dollar Stores of Texas, LLC's ("Family Dollar's") May 19, 2023 motion for partial summary judgment—to which plaintiff Anita Boyd ("Boyd") has not responded[1]—is granted, and Boyd's claim for past and future medical expenses is dismissed.

This is an action asserting premises liability or, alternatively, negligence arising from a slip and fall at a Family Dollar store. Boyd alleges that she suffered personal injuries. Family Dollar moves for partial summary judgment dismissing Boyd's claim for past and future medical expenses, contending that she cannot present any evidence that such expenses were reasonable and necessary or that any claimed future expenses will, in reasonable medical probability, be incurred. Family Dollar points out that Boyd has not designated any testifying experts, including her treating physicians, to prove up such damages.

---

[1]Family Dollar filed its motion on May 19, 2023, so Boyd's response was due June 9, 2023. *See* N.D. Tex. Civ. R. 7.1(e).

As noted, Boyd has not responded to Family Dollar's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

Because Boyd has not responded to Family Dollar's motion, and because she has failed to produce any evidence that would enable a reasonable trier of fact to find in her favor on her claim for past[2] and future medical expenses, the court grants Family Dollar's motion

---

[2] Boyd cannot rely on Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b), a procedural statute that is inapplicable in this removed diversity action.

for partial summary judgment and dismisses Boyd's claim for past and future medical expenses with prejudice.

**SO ORDERED**.

June 22, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE